■ ANTOINETTE SCOGNAMIGLIO, as Administratrix of the Estate of ANTHONY SCOGNAMIGLIO, Deceased, et al., Respondents, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. ELMHURST CONTRACTING COMPANY, INC., Third-Party Defendant-Appellant.— Consolidated action to recover damages for wrongful death, for conscious pain and suffering, and for personal injuries against Consolidated Edison Company of New York alleged to be the owner or general contractor of an excavation or trench, the walls of which caved in, causing the injuries resulting in the death of the intestate of respondent Scognamiglio and those complained of by respondent Mackie. The intestate and respondent Mackie were employed by Elmhurst Contracting Company, Inc., which had contracted with Edison to perform certain work, including the excavation of the trench. Edison served third-party complaints against Elmhurst alleging that Elmhurst had agreed to indemnify Edison and that Elmhurst was the primary wrongdoer. The jury rendered a general verdict for $50,000 in favor of respondent Scognamiglio and for $25,000 in favor of respondent Mackie against Edison, and in favor of Edison for $75,000 on its third-party complaint against Elmhurst. The jury also answered 16 special questions submitted under section 193-a of the Civil Practice Act, but some answers were not concurred in by five sixths of the jury. The court set aside the verdict and ordered a new trial on the ground that the answers to the special questions were inconsistent with the general verdict. Edison appeals from the order setting aside the verdict and ordering a new trial and denying its motion (1) to set aside the verdict and to direct a verdict in its favor; (2) to dismiss the complaint, and (3) to conform the general verdict with the special findings pursuant to section 459 of the Civil Practice Act, thereby rendering a directed verdict in its favor. Elmhurst appeals from the order setting aside the verdict and ordering a new trial and denying its motions (1) to set aside the verdict and to direct judgment in its favor in the third-party action; (2) to dismiss the complaint, and (3) to conform the general verdict with the special findings pursuant to section 459 of the Civil Practice Act, thereby rendering a directed verdict in its favor in the third-party action.

Order unanimously affirmed, with costs. The failure of five sixths of the jury to agree on the answers to some of the special questions constituted a disagreement (Civ. Prac. Act, § 463). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.